DOUCET, Judge.
Clarence J. Ezernack brought this suit to recover the costs of the hospitalization and medical treatment of his wife, Clara Ezer-nack, pursuant to the provisions of a hospitalization insurance policy issued to him by defendant, Louisiana Hospital Services, Inc. From a judgment awarding plaintiff the sum of $1,986.35, defendant appeals. We affirm.
The undisputed facts are that Clara Ezer-nack was hospitalized in the Natchitoches Parish Hospital from June 13,1978, through June 26, 1978. According to the discharge summary of the treating physician, Dr. Roy Cook, “She had her gallbladder removed, her common duct explored and stones removed and her appendix taken out.”
Defendant issued a hospitalization insurance policy to plaintiff which provided coverage for his wife. Coverage under the policy began on March 1,1978. At the trial, it was stipulated by the parties that if recovery is proper under the facts of this case, the amount of the expenses covered by the policy is $1,986.35.
Defendant argues, however, that the language of the policy excludes coverage in this case. It relies specifically on .the lan *225 guage of a policy exclusion contained in Article VIII, 4(a) at page 8 of the policy, which provides:
“4. No benefits are provided under this Contract for:
(a) Services rendered during the first year of coverage, for, or as a result of, any ailment, disease dr physical condition existing at or before the effective date of coverage.”
Defendant contends that the services rendered in behalf of Mrs. Ezernack were necessitated by a pre-existing ailment, disease or physical condition within the meaning of the above policy language.
It was established at the trial that on December 4, 1974, Mrs. Ezernack was admitted to the Natchitoches Parish Hospital for an overnight stay for the treatment of abdominal complaints. The attending physician, Dr. Archie Breazeale, diagnosed her condition as acute gastroenteritis and possible thyroid syndrome of thyrotoxicosis. The medical records also indicate that she manifested cholelithiasis, or the presence of gallstones in her gallbladder, at that time.
Defendant argues that the surgical procedure performed on Mrs. Ezernack in 1978 was the result of the gallstones that were present in her gallbladder as early as 1974. Plaintiff, on the other hand, argues that the surgery was not required because of the mere presence of the gallstones, but was needed because the gallbladder had become inflamed, a condition known as cholecysti-tis.
Plaintiff’s argument is supported by the testimony of Dr. Cook. He explained that cholelithiasis, or the presence of gallstones in the gallbladder, is a condition which develops in some people in the course of their lifetime, and which may or may not result in physical difficulties. Cholecystitis is an inflammation of the gallbladder which, according to Dr. Cook, can exist with or without the presence of gallstones, and which can result from the formation of new gallstones.
The distinction between cholelithiasis and cholecystitis was recognized by this court in the recent case of Smith v. Reserve National Insurance Company, 370 So.2d 186 (La.App. 3rd Cir. 1979). In that ease, we said:
“The existence of a gallstone may have predated the policy, but such a condition was not a ‘sickness’ within the definitions of the policies. The ‘sickness’ herein (acute inflammation of the gallbladder) occurred or manifested itself for the first time and caused the loss (medical expenses) well after the effective date of the policies.”
In that case, we also cited with approval the earlier case of Phelps v. Southern National Insurance Company, 83 So.2d 463 (La.App. 2nd Cir. 1955), wherein the court said:
“It is somewhat strenuously urged by counsel for defendant that the presence of gallstones in plaintiff’s bladder, which fact was discovered after the removal of that organ by operative procedure, is proof of a pre-existing sickness or disease. We cannot so hold for the testimony of all the medical experts reflects the opinion that the mere presence of gallstones within the gallbladder does not constitute a sickness or disease, and there is no evidence in the record before us which would serve to establish the existence of any sickness or disease resulting from the presence of gallstones.”
Defendant urges that the instant case is distinguished in that according to Dr. Breazeale’s testimony, Mrs. Ezernack experienced problems with her gallbladder as a result of the gallstones in 1974. She also complained of abdominal cramps in January of 1975, which Dr. Breazeale attributed to cholelithiasis. However, it is clear from Dr. Breazeale’s testimony that the kind of symptoms that Mrs. Ezernack experienced as a result of her gallstones do not make surgical intervention an absolute necessity. It is only when complications such as blockages occur that surgery becomes mandatory-
We find it clear from the medical testimony that Mrs. Ezernack’s hospitalization and treatment in 1978 were, the result of the onset of cholecystitis and not the mere existence of gallstones in her gallbladder. *226 The expenses which were incurred for her treatment at that time resulted from this new condition, which was not found when she was hospitalized in 1974 or at any time prior to her hospitalization in 1978.
Under these circumstances we agree with the trial judge that the policy exclusion does not apply to the particular facts and circumstances of this case.
Accordingly, the judgment appealed is affirmed. All costs of this appeal are taxed against the defendant-appellant.
AFFIRMED.